**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| MATTHEW SNYDER, | : | Case No. 2:26-cv-114 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Judge Michael H. Watson |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| STATE OF OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER and REPORT AND RECOMMENDATIONS[1]**

Plaintiff Matthew Snyder, an inmate housed at the Noble Correctional Institution ("NCI"), has filed a *pro se* Complaint against multiple Ohio Department of Rehabilitation and Correction ("ODRC") and NCI employees,[2] and against the State of Ohio, ODRC, and NCI.[3]  (Doc. 1). Plaintiff raises allegations against Defendants in their individual and official capacities.  *Id.* at 1-4.  The Court understands the Complaint to be filed under 42 U.S.C. § 1983.  Plaintiff has also filed a Motion to Appoint Counsel.  (Doc. 2).  By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*.  (Doc. 5).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2] Plaintiff names the following Defendants:  the State of Ohio; ODRC; ODRC Director Annette Chambers-Smith; NCI Warden Jay Forshey; and NCI employees J. Gifford, HCA Pittman, Inspector R. Cobb, "All staff and medical staff and nurses," Unit Manager Neff, Officer Rush, Officer Scofield, Karen Stanford, G. White, K. Morrow, J. Wilson, V. Brown, and J. Starr.  (Complaint, Doc. 1, PageID 1-4).

[3] Although Plaintiff does not name NCI in the caption, he does appear to raise allegations against this entity.  (*See* Complaint, Doc. 1, PageID 7).  Other district courts in the Sixth Circuit have found that the caption of a complaint does not determine the parties and that courts must look to the allegations within the complaint to make such a determination.  *Eberhard v. Old Republic Nat'l Title Ins. Co.*, No. 1:11-cv-834, 2013 WL 12293449, at *5 (N.D. Ohio Sept. 13, 2013) (collecting cases); *Burley v. Quiroga*, No. 16-cv-10712, 2019 WL 4316499, at *15 (E.D. Mich. June 6, 2019) (same).

This matter is first before the Court for a *sua sponte* review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

## I. SCREENING STANDARD

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis* (*see* Order Granting "IFP" Status, Doc. 5), the Court is required to conduct an initial screening of his Complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990) (citations omitted). An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *McGhee v. Light*, 384 F. Supp. 3d 894, 896 (S.D. Ohio 2019) (citing *Neitzke*, 490 U.S. at 327-28). An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Vandiver v. Prison Health Servs.*, 727 F.3d 580, 585 (6th Cir. 2013) (citations omitted); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations omitted); *Lawler*, 898 F.2d at 1198 (quoting *Neitzke*, 490 U.S. at 328) (noting that courts can dismiss "claims whose factual contentions are clearly baseless"). The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill*, 630 F.3d at 471 (quoting *Neitzke*, 490 U.S. at 327-28).

2

A complaint must also be dismissed if it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1).  To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007) (citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient.  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Twombly*, 550 U.S. at 557.  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a *pro se* complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (citing Fed. R. Civ. P. 8(f) [now (e)]); *Heyward v. Cooper*, 88 F.4th 648, 653-54 (6th Cir. 2023).  Even with such a liberal construction, a *pro se* complaint must still adhere to the "basic pleading standards." *Martin v. Overton*, 391 F.3d 710, 714 (2004) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  Specifically, a *pro se* "complaint 'must contain either direct or inferential allegations

respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## II. ALLEGATIONS

Plaintiff alleges that although he had serious medical needs that existed before his incarceration, while housed at NCI, he "did lose the use of bodily functions and was left laying in his own vomit without proper medical care for about three days while having heat exhaustion and stroke symptoms thus worsening several other already debilitating medical issues." (Complaint, Doc. 1, PageID 5-6, 8). Plaintiff alleges that the "denial and or delay of treatment has resulted in deliberate indifference to his medical needs in violation of the Fifth, Eighth and Fourteenth Amendment" and other statutory rights, including medical negligence. *Id.* at 7.

Plaintiff alleges that ODRC and NCI are "liable for medical negligence/malpractice from the omissions or inactions of its medical staff by failing to properly identify, assess, and provide adequate health care attention." *Id.* According to Plaintiff, the "medical staff 'failed to properly assess, identify and properly treat the plaintiff with any medical care' after he experienced complications of stroke related matters that led to worsening constant vertigo at which now the Plaintiff is unusable to perform his once normal day to day duties and activities due to the negligence and care of the prison." *Id.* Plaintiff further alleges that he was placed in Administrative Segregation as retaliation for making numerous complaints to staff and that his status as a sex offender has caused him further retaliation, humiliation, and threats. *Id.*

Plaintiff seeks monetary relief against Defendants. *Id.* at 6.

### III. <u>ANALYSIS</u>

Based on the above allegations, the Undersigned understands Plaintiff to be bringing Eighth Amendment cruel and unusual punishment claims, First Amendment retaliation claims, and Ohio state law medical malpractice and negligence claims. Plaintiff also alleges in passing that Defendants violated his rights under the Fifth and Fourteenth Amendments. But in screening Plaintiff's allegations, the Undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** in its entirety because he fails to allege a plausible claim for relief, as explained below. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

#### A.      Official Capacity Claims for Monetary Relief

Notwithstanding the issues detailed below, any official capacity claims for monetary damages should be dismissed as barred by the Eleventh Amendment of the United States Constitution. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) (quoting *Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985)). Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993) (citations omitted). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (citations omitted).

The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for recovery of money from the state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945)). A suit against state defendants in their official capacities would be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,

690 (1978); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent." (internal quotation marks omitted)). Actions against state officials in their official capacities are therefore included in this bar. *Maben*, 887 F.3d at 270; *Smith*, 476 F. Supp. 3d at 650-52; *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (quoting *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver.").

Plaintiff indicates that he is suing the state Defendants in their individual and official capacities, and Plaintiff seeks monetary relief.  (Complaint, Doc. 1, PageID 1-4, 6).  Plaintiff's official capacity claims are considered claims against the State of Ohio and any request for monetary damages against Defendants in their official capacities should be **DISMISSED with prejudice**. *Smith*, 476 F. Supp. 3d at 650-51; *Colvin*, 605 F.3d at 289; *Maben*, 887 F.3d at 270.

**B.**      **Claims Against the State of Ohio and State Agencies**

To the extent that Plaintiff intended to raise claims against the State of Ohio and Ohio state agencies ODRC and NCI (*see* Complaint, Doc. 1, PageID 1, 7), he fails to state a claim upon which relief may be granted.  "Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law.  Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cnty., Tenn.*, 68 F.4th 336, 342 (6th Cir. 2023) (citing *Will v. Mich. Dep't of St. Police*, 491 U.S. 58, 64 (1989)).  The State of Ohio is not a person and thus not capable of being sued under 42 U.S.C. § 1983. *Thompson v. Branch*, No. 1:24-cv-02, 2024 WL 579756, at *6 (S.D. Ohio Feb. 13, 2024), *report and recommendation adopted*, No. 1:24-cv-02, 2024 WL 4278310 (S.D. Ohio Sept.

6

24, 2024) (citations omitted). Also, as noted above, the State of Ohio has not waived its Eleventh Amendment immunity. *Mixon*, 193 F.3d at 397; *Smith*, 476 F. Supp. 3d at 652.

Furthermore, a state corrections department is also not a "person" subject to civil action under § 1983. *E.g.*, *Marcum v. Ohio*, No. 2:24-cv-4048, 2025 WL 1347266, at *6 (S.D. Ohio May 8, 2025) (collecting cases). Plaintiff does not appear to allege that these Defendants adopted an unconstitutional official policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Accordingly, any claims against the State of Ohio, ODRC, and NCI should be **DISMISSED without prejudice**, and these parties should be **DISMISSED** as defendants here.

C. **Failure to Satisfy Basic Pleading Standards**

Plaintiff fails to state a claim upon which relief can be granted against the remaining Defendants. As noted above, Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement that shows how Plaintiff is entitled to relief from *each* Defendant. A plaintiff must allege personal involvement by the defendant in causing the plaintiff's injury. *Hardin v. Straub*, 954 F.2d 1193, 1196-98 (6th Cir. 1992). "A plaintiff, even one proceeding pro se, must plead sufficient *facts* to show how each defendant allegedly violated plaintiff's rights." *Johnson v. Chambers-Smith*, No. 2:22-cv-4179, 2023 WL 2555446, at *18 (S.D. Ohio Mar. 17, 2023) (citations omitted), *report and recommendation adopted*, No. 2:22-cv-4179, 2023 WL 6065130 (S.D. Ohio Sep. 18, 2023); *Martin v. Overton*, 391 F.3d 710,714 (6th Cir. 2004) (citation omitted) (noting that *pro se* plaintiffs must still satisfy the basic pleading standards). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). The complaint must "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff fails to satisfy these basic pleading requirements because he merely lists multiple Defendants in the caption of his Complaint without raising any factual allegations against each individual Defendant. (*See generally* Doc. 1). In conclusory fashion, Plaintiff alleges that Defendants showed deliberate indifference to his serious medical needs when he was left untreated for three days while experiencing symptoms from heat exhaustion and a stroke. *Id.* at 5-6. He also alleges that he was sent to segregated housing as retaliation for filing grievances about the issue and because of his classification as a sex offender. *Id.* at 7. But Plaintiff fails to identify how *each* Defendant was *personally involved* in these alleged violations of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. In other words, Plaintiff fails to specify which Defendants are responsible for the alleged deliberate indifference to his serious medical needs and fails to specify which Defendants retaliated against him. And his formulaic recitation of the legal elements to an Eighth Amendment claim (*id.* at 8) is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Accordingly, Plaintiff's generalized allegations should be **DISMISSED without prejudice** because Plaintiff fails to meet the basic pleading requirements to state a plausible claim for relief. *See* Fed. R. Civ. Pro. 8(a); *16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (citing *Twombly*, 550 U.S. 544; *Iqbal*, 556 U.S. 662); *see also Erickson*, 551 U.S. at 93 (citations omitted).

### D. State Law Medical Malpractice and Negligence Claims

Plaintiff also appears to raise medical malpractice and negligence claims under Ohio state law. (Complaint, Doc. 1, PageID 4-9). But because no federal claims remain, the Court should decline to exercise supplemental jurisdiction and Plaintiff's remaining state-law claims should be

8

**DISMISSED without prejudice**. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"); *Harper v. AutoAlliance Intern, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) (citation omitted) ("Generally, if the federal claims are dismissed before trial, . . . the state law claims should be dismissed as well." (internal quotation marks omitted)).

## IV. MOTION TO APPOINT COUNSEL

Plaintiff also seeks the appointment of counsel to assist him with this case. (Doc. 2). Plaintiff alleges that he is "both physically and currently visually impaired," and requests counsel because of "his disabilities and lack of competency of legal and judicial proceedings or having access to adequate legal assistance to help him." *Id.* at 10. This Court has statutory authority to appoint counsel in a civil case. 28 U.S.C. § 1915(e). But the appointment of counsel is not a constitutional right in such a case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (citing *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)). A court has discretion to appoint counsel in civil matters, but the appointment of counsel is a "privilege that is justified only by exceptional circumstances." *Lanier*, 332 F.3d at 1006 (citing *Lavado*, 992 F.2d at 604-06). In determining whether to exercise its discretion, a court should consider the complexity of the issues, the procedural posture of the case, and the plaintiff's apparent ability to prosecute the case without the help of counsel. *See id.* (citations omitted); *Lavado*, 992 F.2d at 606.

In evaluating whether exceptional circumstances exist here and considering the recommendation to dismiss Plaintiff's Complaint at the screening stage, the Undersigned concludes that the appointment of counsel is not warranted. As other courts in this District have noted, "there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf."

9

*E.g.*, *Straughter v. Eddy*, No. 2:23-cv-1268, 2023 WL 3900673, at *5 (S.D. Ohio June 8, 2023);

*Hillman v. Phipps*, No. 2:25-cv-579, 2025 WL 3525302, at *1 (S.D. Ohio Dec. 9, 2025).  Because

extraordinary circumstances do not exist, Plaintiff's motion to appoint counsel (Doc. 2) is

**DENIED without prejudice**.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's official capacity claims for monetary damages be **DISMISSED with prejudice**; and

2. Plaintiff's remaining claims be **DISMISSED without prejudice**.

### IT IS THEREFORE ORDERED THAT:

Plaintiff's motion to appoint counsel (Doc. 2) is **DENIED**.

May 4, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

10

**<u>NOTICE OF PROCEDURE ON OBJECTIONS</u>**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).