UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Matthew Snyder,

     Plaintiff,

     v.

State of Ohio, *et al.*,

     Defendants.

Case No. 2:26-cv-114

Judge Michael H. Watson

Magistrate Judge Silvain

## OPINION AND ORDER

Matthew Snyder ("Plaintiff"), an Ohio prisoner proceeding without the assistance of counsel and without the prepayment of fees, sues the State of Ohio, the Ohio Department of Rehabilitation and Correction ("ODRC"), ODRC Director Annette Chambers-Smith ("Director Chambers-Smith"), Noble Correctional Institution ("NCI"), NCI warden Jay Forshey ("Warden Forshey"), and more than thirteen other ODRC employees under 42 U.S.C. § 1983 and Ohio law.  *See* Compl., ECF No. 1.

The Magistrate Judge performed an initial screen of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and issued a Report and Recommendation ("R&R") that recommends the Court dismiss Plaintiff's Complaint in full.  R&R, ECF No. 7.  Specifically, the R&R construes the Complaint as alleging § 1983 claims based on violations of the Eighth Amendment's ban on cruel and unusual punishments and the First Amendment's

ban on retaliation.  R&R 5, ECF No. 7.  It also construes the Complaint as asserting claims under Ohio law for medical malpractice and negligence.  *Id.*

The R&R recommends dismissing all official-capacity claims for damages as barred by sovereign immunity.[1]  R&R 5–6, ECF No. 7.  Moreover, it recommends dismissing *all* claims (regardless of the relief sought) against the State of Ohio, ODRC, and NCI for the same reason and for the additional reason that neither the State nor any of these entities are "persons" for purposes of § 1983.  *Id.* at 6–7.  As for the individual Defendants, the R&R recommends concluding that the Complaint lacks factual allegations concerning how each Defendant violated Plaintiff's rights.  *Id.* at 7–8 ("Plaintiff fails to satisfy these basic pleading requirements because he merely lists multiple Defendants in the caption of his Complaint without raising any factual allegations against each individual Defendant." (citing Compl., ECF No. 1)).  That barred the individual-capacity claims, and any official-capacity claims were barred because of sovereign immunity.  Finally, the R&R recommends declining to exercise supplemental jurisdiction over the state-law claims.  *Id.* at 8–9.

Plaintiff objects.  Obj., ECF No. 10.

---

[1] The R&R recommends dismissing the claims with prejudice, R&R 10, ECF No. 7, but dismissals due to sovereign immunity must be without prejudice.  *See e.g., White's Landing Fisheries, Inc. v. Ohio Dep't of Natural Resources, Division of Wildlife*, 174 F.4th 493, 502 (6th Cir. 2026) ("Although we affirm the district court's dismissal of Koch's takings and state law claims against Ohio and the state defendants based on sovereign immunity, we reverse in part the district court's dismissal of Koch's claims with prejudice.  Because our grounds for affirmance is [sic] the district court's lack of subject matter jurisdiction, Koch's claims should be dismissed without prejudice." (citation omitted)).

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected.  Having done so, the Court finds the objections are meritless.

First, Plaintiff cites case law regarding when a corporation may be held criminally liable under Ohio law, and he asks the Court to impose similar constraints on liability for ODRC and NCI here.  *See* Obj. 4, ECF No. 10.

This objection is overruled because this is a civil lawsuit.  Plaintiff has pleaded neither that any Defendant committed a state crime nor the existence of a civil cause of action permitting Plaintiff to recover for the crime.  Although there are instances in which municipalities may be liable under § 1983, those circumstances do not apply here, where State (rather than municipal) entities are involved.  *Dallas v. Chippewa Corr. Facility*, No. 20-1941, 2022 WL 905857, at *3 (6th Cir. Mar. 1, 2022) ("To start, a plaintiff cannot pursue a § 1983 action against a prison or a state agency that oversees a prison because neither is a 'person' as provided in the statute but rather the state itself, which is entitled to sovereign immunity . . . ." (citations omitted)).

Plaintiff next cites case law regarding organizational standing, Obj. 4–6, ECF No. 10, but that case law is irrelevant because the R&R does not recommend dismissal for lack of standing.

Plaintiff then cites an Illinois case for the proposition that Ohio statutory immunity does not deprive this Court of subject-matter jurisdiction over Plaintiff's state-law claims against the individual Defendants.  Obj. 6, ECF No. 10 ("The

same would be construed as in Ohio. [sic]").  But this objection fails because the R&R recommends declining to exercise supplemental jurisdiction over the state-law claims not because of the existence of state statutory immunity but because of the Supreme Court's instruction that a federal court should generally decline to exercise supplemental jurisdiction once it has dismissed all claims over which it has original jurisdiction.  R&R 8, ECF No. 7; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Plaintiff also seems[2] to invoke the *Ex Parte Young* exception to sovereign immunity vis-à-vis his federal claims.  *See* Obj. 7, ECF No. 10.  But sovereign immunity does not bar his individual-capacity claims, and he did not seek injunctive relief in his Complaint, *see* Compl., ECF No. 1, so that exception is inapplicable.

To the extent that Plaintiff believes he adequately stated individual-capacity, § 1983 claims for the violation of the Eighth Amendment, *see* Obj. 6, ECF No. 10, the Court disagrees.  True, "leaving an inmate in one's own vomit is not proper procedure or a formulary act."  Obj. 6, ECF No. 10.  But the problem with Plaintiff's Complaint is not that he failed to allege the existence of a serious medical need or a deliberate act—it is that he sued a slew of individual Defendants without alleging which Defendant committed which act and how each

---

[2] To the extent Plaintiff invokes an exception to state-created immunity, the objection fails for the reason addressed above: the Court declines to exercise supplemental jurisdiction over the state claims.

Defendant was personally involved in the deprivation of rights.  Plaintiff should be able to cure that deficiency by re-filing the Complaint with more detailed factual allegations.

Finally, Plaintiff also objects to the Magistrate Judge's denial of appointment of counsel.  Obj. 7–8, ECF No. 10.  Plaintiff argues that most of the culpable medical staff employees have left NCI, that he is indigent and visually impaired, and that he lacks the required legal knowledge to successfully litigate this case.  *Id.*

This Court reviews the denial pursuant to Federal Rule of Civil Procedure 72(a), and the Court will not modify or set the order aside unless it was clearly erroneous or contrary to law.  The Magistrate Judge's denial was neither based on a clearly erroneous finding of fact nor was it contrary to law.  Because the Complaint should be dismissed in its entirety, there is no reason to appoint counsel at this stage.  All Plaintiff need do to re-file the Complaint is to allege, with specificity, which individual Defendant performed which act (or omission) and demonstrate how those acts (or omissions) violated Plaintiff's constitutional rights under the First and Eighth Amendments.  Should Plaintiff re-file the case, the Court may re-review its decision regarding counsel at any point in the renewed litigation.

For the above reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's

Complaint.  Should Plaintiff refile the Complaint, he is **DIRECTED** to list the new

Complaint as related to this case on his civil cover sheet.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**